IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Crim. No. 1:19cr52-HSO-RHW-1
    Civil No. 1:22cv54-HSO

MONTARIUS MONTRAEL
SHABAZZ

**MEMORANDUM OPINION AND ORDER DENYING MONTARIUS MONTRAEL SHABAZZ'S MOTION [69] AND AMENDED MOTION [72] TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT are the Motion [69] and Amended Motion [72] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed by Montarius Montrael Shabazz ("Shabazz"). After due consideration of the Motions, related pleadings, the record, and relevant legal authority, the Court is of the opinion that it plainly appears from the Motions and the record of prior proceedings that Shabazz is not entitled to relief and that his § 2255 Motions should be denied in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Section 2255 Rules") without the need for an answer by the United States Attorney. *See* Rule 4(b), Section 2255 Rules.

I. BACKGROUND

Pursuant to a Plea Agreement [41] with the Government, on November 13,

2019, Shabazz pled guilty to Count 1 of the Superseding Indictment [27] in this case, which charged him with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). *See* Superseding Indictment [27] at 1. The Plea Agreement [41] contained several waivers, including that Defendant

> expressly waives the following rights:
> \* \* \*
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [41] at 6-7.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [50] (filed under seal). In determining Shabazz's criminal history score under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the PSR listed, among others, a conviction in the Juvenile Court of Bell County, Texas. *See id.* at 14. Because Shabazz was purportedly on probation from that conviction when he committed the offense in this case, the PSR added two points to his criminal history score, raising it from six to eight, which established a criminal history category of IV under the Guidelines. *See id.* at 16. Shabazz's Guidelines imprisonment range was 84 to 105 months. *See id.* at 24. The Court ultimately sentenced Shabazz to 90 months imprisonment, followed by three years of supervised release. *See* J. [53] at 2-3.

Shabazz appealed, *see* Notice [55], arguing that the Government had

breached the Plea Agreement regarding the determination of his base offense level and that the sentence imposed was procedurally unreasonable, *see* Op. [62] at 1-2. The United States Court of Appeals for the Fifth Circuit granted the Government's motion to dismiss on grounds of the appeal waiver. *See id.* at 2-3. Shabazz filed a petition for writ of certiorari with the United States Supreme Court, which was denied. *See* Ex. [68] at 1.

On January 3, 2022, Shabazz filed what he titled a Motion [69] to Remove Enhancement, arguing that he did not commit the offense of conviction in this case while on probation, meaning that he should not have received two additional points in calculating his criminal history score under U.S.S.G. § 4A1.1(d). *See* Mot. [69]. The Court construed the Motion [69] as one to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 and ordered Shabazz to file an amended Motion in the form and manner prescribed by the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Order [70]. Shabazz filed an Amended Motion [72], raising the same argument as that in his original Motion [69], and asking the Court to vacate his sentence and resentence him without the enhancement. *See* Am. Mot. [72] at 4, 12.

The Court finds that, even if Shabazz is correct that there was an error in calculating his Sentencing Guidelines, he is not entitled to any relief with respect to the length of his sentence, and his Motion [69] and Amended Motion [72] should be denied without the need for an answer by the United States Attorney. *See* Rule 4(b), Section 2255 Rules.

## II.  DISCUSSION

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 28 U.S.C. § 3582(b)).  28 U.S.C. § 2255 is "the primary means of collateral attack on a federal sentence." *Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020) (quotation omitted).  Under § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on one of the following four grounds:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quotation omitted)).  Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice.  *See id.*; *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  Thus, an error that may have justified reversal on direct appeal will not necessarily support a collateral attack.  *United States v. Frady*, 456 U.S. 152, 164 (1982).

In this case, Shabazz argues that the Court miscalculated his Sentencing

Guidelines range but has not alleged any error of jurisdictional magnitude; this is fatal to his § 2255 claim. *See Samuels*, 59 F.3d 528; *see also, e.g., Vaughn*, 955 F.2d at 368 (holding that an argument that the district court incorrectly increased the defendant's sentence under the Guidelines was not well taken, as "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue"). Because Shabazz's § 2255 Motion [69] and Amended Motion [72], the attached exhibits, and the record of prior proceedings conclusively show that he is not entitled to any relief, his Motions should be denied. *See* 28 U.S.C. § 2255(b); Rule 4(b), Section 2255 Rules.

Even if Shabazz's argument were the type of claim that ordinarily could be considered under § 2255, he expressly waived his right to contest his conviction and sentence in any post-conviction proceeding, including in a motion under § 2255. *See* Plea Agreement [41] at 6-7. The Fifth Circuit has held that a district court may sua sponte enforce a waiver provision in a plea agreement and deny a § 2255 motion on that basis, without notice to the Government, "where 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007) (quoting 28 U.S.C. § 2255(b)); *see id.* at 723-24 (holding that a district court "is entitled to conclude that the government wishes what it bargained for unless it says otherwise").

The Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651,

5

653 (5th Cir. 1994). It is clear from the record of Shabazz's change-of-plea hearing that he fully understood the waiver at the time his plea was accepted by the Court, and he attested under oath that he fully understood and voluntarily agreed to the waiver. *See id.*; *see also, e.g.,* Tr. [58] at 15-17. "Solemn declarations in open court carry a strong presumption of verity." *Wilkes*, 20 F.3d at 653 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

In this case, the files and records disclose a bargained for waiver of Shabazz's right to collaterally attack his sentence through any post-conviction proceeding. *See* Plea Agreement [41] at 6-7.[1] Therefore, the Court will also deny Shabazz's § 2255 Motion [69] and Amended Motion [72] in light of his knowing and voluntary waiver in the Plea Agreement. *See id.*; *see also Del Toro-Alejandre*, 489 F.3d at 723.

### III. CONCLUSION

Because the Motion, Amended Motion, and the record conclusively show that Shabazz is entitled to no relief, the Court finds that his Motion [69] and Amended Motion [72] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without the need for an answer by the United States Attorney. *See* Rule 4(b), Section 2255 Rules.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [69] and Amended Motion [72] of Defendant Montarius Montrael Shabazz to Vacate, Set

---

[1] While the Plea Agreement did contain, and case law does recognize, some limited exceptions that preclude waiver of post-conviction relief, it is evident that no such exception is applicable to the claims advanced in Shabazz's Motion or Amended Motion. *See, e.g.,* Plea Agreement [41]; *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, are **DENIED**.

      **SO ORDERED AND ADJUDGED**, this the 8th day of April, 2022.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE